UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-62521-WPD

MARK EDWARD BOCK,

Plaintiff,

v.

ARIES PROTECTIVE SERVICES LLC, and
EDUARDO A. WONG,

Defendants.

______________________________________/

**MOTION TO DISMISS**
**AND**
**MEMORANDUM OF LAW**

Defendants Aries Protective Services LLC and Eduardo A. Wong, through their counsel, respectfully submits this Motion to dismiss, as follows:

## I. FACTS

Plaintiff filed a one count complaint on December 7, 2025 alleging a failure by the Defendants to pay the Plaintiff over-time wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. ("FLSA"), by not compensating Plaintiff's overtime work at the statutory rate. D.E. 1 ¶ 10.

The Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), seek to dismiss the complaint because the complaint is a formulaic recitation of statutory boilerplate language, lacks any factual enhancement to the statutory conclusory language, and

even construing the allegations in the complaint in the light most favorable to the Plaintiff, fails to state a cause of action against the Defendants.

## II. STANDARD OF REVIEW

A Fed. R. Civ. P. 12(b)(6) motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face. *Id.* at 570.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Co rp. v. Twombly,* 550 U.S. 544, 555 (2007). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to

the plaintiff. *Jackson v. Bellsouth Telecomms*., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Moreover, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation omitted) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Iqbal,* 556 U.S. at 678.

## III. ARGUMENT

The complaint, which seeks to make a claim pursuant to over-time wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. ("FLSA"), fails to meet the standard to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

The bare bone allegations in the complaint fail to establish the nature, term, hours of employment of the Plaintiff's employment with the Defendant(s), or even any specifics of the wages or overtime wages for which the Plaintiff seeks recovery. The complaint insufficient alleges the requisite employer-employee relationship.

A claim for FLSA overtime requires pleadings demonstrating that the Plaintiff worked compensable hours, that these hours were in excess of 40 hours per week, and that the Defendants knew that the Plaintiff was working overtime. Vague assertions are insufficient.

The only information regarding overtime wages claimed is an Exhibit which lists a one lump sum amount encompassing a period of over 6 months. The allegations fail to establish that the Plaintiff was entitled to any overtime by virtue of the federal overtime provisions contained in the Fair Labor Standards Act (FLSA). See 29 U.S.C. § 207(a)(1).

Additionally, to establish a claim for unpaid overtime and minimum wages under the FLSA, a plaintiff employee must establish one of two types of coverage: (1) "enterprise coverage," which applies to the defendant employer, or (2) "individual coverage," which applies to the plaintiff employee. *Martinez v. Palace,* 414 F. App'x 243, 244-45 (11th Cir. 2011) (citing 29 U.S.C. §§ 206(a), 207(a)(1)); *see also Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).

The complaint fails to meet the two-prong analysis. The enterprise-coverage analysis asks whether the business "has employees engaged in commerce or in the production of goods for commerce," or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(I). Under this provision, enterprise coverage exists when an employer uses tools or other articles that are manufactured out of state and that are necessary for its business purposes. *See Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)). The statute makes clear that both of these prongs must be met for enterprise coverage to apply. *Sandoval v. Florida Paradise Lawn Maint., Inc.,* 303 F. App'x 802, 805 (11th Cir. 2008).

Plaintiff's complaint makes conclusory allegations comprised solely of statutory language, with no particular facts relating to the Defendants. D.E. 1 ¶¶ 5, 6. General allegations such as these fail to meet the pleading standards of *Iqbal* and *Twombly* as they are "conclusory and lacking in factual support" for alleging, as Plaintiff does, the use of goods and materials produced in interstate commerce without providing more factual details specific to the case.
*See Perez v. Muab, Inc.*, 2011 WL 845818, at *2 (S.D. Fla. March 7, 2011).

In *Perez,* the Court concluded that merely asserting that the defendant enterprise is "engaged in an industry affecting commerce" would not. Under this standard, the

pleading demands something more than mere recitation of statutory language. In other words, a plaintiff must plead how the defendants are engaged in commerce but need not plead specific details as to exactly how those materials moved through interstate commerce. Here the Plaintiff has failed to do so.

Plaintiff has made no claim of individual coverage.

Similarly, the only claim made against Defendant Wong is based on one single allegation contained in D.E. ¶ 7 of the complaint. D.E. 1 which is solely a recitation of statutory language. The economic reality or relationship of Wong with the Plaintiff in his allegations in the complaint do not establish an employer-employee relationship. This totally conclusory allegation is insufficient to state a claim upon which relief could be granted against Defendant Wong.

Finally, the complaint makes an allegation that the Defendants knowingly and willfully refused to pay Plaintiff's wages. D.E. 1 ¶ 11. Again, this conclusory allegation is devoid of any factual support.

## IV. CONCLUSION

The complaint, which consists of naked assertions devoid of any factual enhancement, fails to meet the requirements to survive this Fed. R. Civ. P. 12(b)(6) motion to dismiss because it fails to state a claim upon which relief may be granted against either Defendant.

WHEREFORE, Defendants respectfully request the dismissal of the complaint.

Respectfully submitted,

s/Maria del Carmen Calzon, Esq.
Counsel for Defendants
Florida Bar No. 797383
6071 West Flagler Street
Miami, Florida 33144
(305)978-1348
calzonlawoffice@aol.com