UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-62521-WPD

MARK EDWARD BOCK,

Plaintiff,

v.

ARIES PROTECTIVE SERVICES LLC, and
EDUARDO A. WONG,

Defendants.

______________________________________________/

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Aries Protective Services LLC ("APS") and Eduardo A. Wong ("Wong"), file this Answer to Mark Edward Bock's ("Bock") Complaint (hereinafter referred to as "Complaint"):

**DEFENDANTS' ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

1. Defendants admit only so much of paragraph 1 of the Complaint as to admit that this Court has original jurisdiction to hear claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* and that venue is proper in this Court.
2. Defendants admit only so much of paragraph 2 of the Complaint that alleges that the Plaintiff was a resident of Florida.

3. Defendants admit the allegation in paragraph 3 of the Complaint.
4. Defendants admit the allegation in paragraph 4 of the Complaint.
5. Defendants admit the allegation in paragraph 5 of the Complaint.
6. The allegations in paragraph 6 of the Complaint state legal conclusions that require no answer by the Defendants.
7. Defendants admit only so much of paragraph 7 of the Complaint that alleges that Wong is an owner/and or manager of APS, and denies the rest to the extent that it states legal conclusions that require no answer by the Defendants.
8. Defendants admit the allegation in paragraph 8 of the Complaint that alleges that APS conducts a business that provides security services.
9. Defendants admit the allegation in paragraph 9 only insofar as it alleges that Bock performed work for APS. Defendants deny the remaining allegations of paragraph 9.
10. Defendants deny the allegations of paragraph 10 of the Complaint.
11. Defendants deny the allegations of paragraph 11 of the Complaint.
12. Defendants admit that the Complaint has an attachment labeled Exhibit A, but deny the accuracy and contents of said exhibit.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 of the Complaint, and therefore its contents are denied.

14. As to paragraph 14 of the Complaint, Defendants admit, deny, and/or otherwise incorporate their answers to paragraphs 1 through 13 above as if set forth herein in full.

15. The allegations in paragraph 15 of the Complaint state legal conclusions that require no answer by the Defendants.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16 of the Complaint, and therefore its contents are denied.

17. Any allegation not specifically admitted is hereby deemed denied.

## JURY DEMAND

18. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

2. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA")

**Third Affirmative Defense**

3. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**Fourth Affirmative Defense**

4. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

**Fifth Affirmative Defense**

5. The action is barred to the extent Bock seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

**Sixth Affirmative Defense**

6. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Bock for periods in which Bock was not actually engaged in work for the Defendants.

**Seventh Affirmative Defense**

7. Bock's action is barred to the extent he seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

**Eighth Affirmative Defense**

8. To the extent Bock seeks damages not recoverable under the FLSA, Bock is barred from such recovery.

**Ninth Affirmative Defense**

9. Without assuming the burden of proof, Bock was compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA.

**Tenth Affirmative Defense**

10. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

**Eleventh Affirmative Defense**

11. Bock's claims are estopped to the extent that he purposely avoided the Defendant's established procedures for documenting the time worked, *i.e.* by clocking in and out of work assignments. He thus subverted the verification of his work hours, and then submitted his own time records, for which the Defendants nevertheless compensated him, including all overtime work claimed.

**Twelfth Affirmative Defense**

12. Bock's claims are barred by the doctrines of waiver, estoppel and/or laches.

**Thirteenth Affirmative Defense**

13. Some or all of Bock's claims are barred by accord and satisfaction, settlement and/or payment and release.

**Fourteenth Affirmative Defense**

14. Bock's claims arise from Bock's actions in bad faith and unclean hands in that he purposefully failed to report accurate time worked and fabricated alleged work hours.

**Fifteenth Affirmative Defense**

15. Any claims for recovery of overtime compensation and liquidated damages are barred for hours which Bock did not report, and for which Defendants neither knew nor had reason to know that Bock was working any uncompensated overtime hours since Bock was not signing into the Defendants' record keeping program. Accordingly, Defendants are not liable for any unpaid, unreported, or fabricated overtime hours.

**Sixteenth Affirmative Defense**

16. Bock is engaging in fraud for which he cannot recover his alleged claims. Bock has engaged in a scheme to defraud employers where he obtains employment for a short period of time and then fraudulently manipulates his alleged work hours to make it appear that the employer has failed to comply with FLSA. In fact, his established conduct is a ruse which Bock engages

in to collect pay to which he is not entitled. When he is not paid for the pay to which he is not entitled, he then sues the employer and obtains a settlement of the fraudulent claim. As part of this ruse, Bock has serially sued employers using boilerplate complaints which, other than the name of the employer being sued, contain the exact same language as in the case herein.[1]

**Seventeenth Affirmative Defense**

17. Fraud. Bock entered into employment with the Defendants for the sole purpose of committing fraud by: (a) purposely concealing from the employer the accuracy of hours actually worked; (b) inflating hours which he alleges to have worked in a manner that the employer was unable to verify due to Bock's manipulation of the company's reporting requirements, and then receiving payment for those hours; (c) reporting hours for work to which he was not assigned; (d) showing up at work locations where he was not assigned to work without the knowledge of the employer; (e) gaining access to locations, events, and clients of the Defendants, on days and times when he was not authorized to do so, by showing up wearing his uniform to

[1] It should be noted that in this case, as well as in his other cases, Bock has been represented by the same law firm, and in those other cases by the founder of that firm. That attorney has been previously sanctioned by both the United States Southern District of Florida as well as The Florida Supreme Court for his actions in FLSA cases. In the instant case, Bock is represented by an associate of the firm, although the complaint filed herein is identical to the ones previously filed by the sanctioned attorney.

deceive the Defendant's clients into believing that he was authorized and assigned to be at that location at that time; (f) remaining on the premises of the Defendants' clients, even after he was instructed to leave the location.

**Eighteenth Affirmative Defense**

18. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

WHEREFORE, Defendants pray that their answer be deemed good and sufficient and all claims by the Plaintiff against the Defendants be dismissed with prejudice, and such other and further relief, legal and equitable, including attorney's fees be awarded Defendants.

Dated: May 13, 2026

Respectfully submitted,

s/Maria del Carmen Calzon, Esq.
Counsel for Defendants
Florida Bar No. 797383
6071 West Flagler Street
Miami, Florida 33144
(305)978-1348
calzonlawoffice@aol.com

## CERTIFICATE OF SERVICE

The undersigned hereby does certify that a true and correct copy of the foregoing was served upon counsel for Plaintiff, Dillon Scott Cuthbertson, Koz Law, P.A., 800 East Cyress Creek Road, Suite 421, Ft. Lauderdale, FL 33334, via email at dc@kozlawfirm.com

s/Maria del Carmen Calzon, Esq.
Counsel for Defendants